**BOYKIN et al. v. UNITED STATES.**

(Circuit Court of Appeals, Fifth Circuit. February 19, 1926.)

No. 4699.

1. **Indictment and information ⬤➡110(9)—Indictment for bribery, setting out allegation in general language of statute, held fatally defective (Criminal Code, § 39 [Comp. St. § 10203]; National Prohibition Act, tit. 2 [Comp. St. Ann. Supp. 1923, § 10138½ et seq.]).**

Indictment under Criminal Code, § 39 (Comp. St. § 10203), for bribery, alleging bribing government prohibition agent, whose duties required investigation of violations of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), setting out allegations in general language, as used in statute, *held* fatally defective.

2. **Indictment and information ⬤➡110(4)—Indictment must allege specific offense coming under general description of statute, as accused has right to be informed of nature and cause of accusation (Const. Amend. 6).**

Where a statute is general, it is not sufficient merely to follow its language in indictment, but indictment must allege specific offense coming under general description of statute, in view of Const. Amend. 6, giving accused right to be informed of nature and cause of accusation.

3. **Indictment and information ⬤➡63—Indictment alleging offering bribe to induce government officer to omit to do acts in violation of his lawful functions held defective, in not charging facts to show omission would constitute violation, but averring conclusions (Criminal Code, § 39 [Comp. St. § 10203]).**

Indictment under Criminal Code, § 39 .(Comp. St. § 10203), for bribing government prohibition agent, charging offering bribe to induce government officer to omit to do acts in violation of his lawful functions and duties, *held* defective, in charging conclusions, and not facts showing that omission would constitute violation.

4. **Witnesses ⬤➡414(2)—Letters written by district attorney to Assistant Attorney General are admissible as corroborating testimony only to overcome impeaching evidence tending to show bias, interest, or corruption. (Criminal Code, § 39 [Comp. St. § 10203]).**

In prosecution under Criminal Code, § 39 (Comp. St. § 10203), for bribery, letters written by district attorney to an Assistant Attorney General are admissible to corroborate testimony of district attorney only to overcome impeaching evidence tending to show bias, interest, or corruption.

5. **Witnesses ⬤➡376—Consistent statement, prior to facts said to indicate bias, interest, or corruption, is admissible to explain away force of impeaching evidence.**

Consistent statement, at a time prior to existence of facts said to indicate bias, interest, or corruption, will effectively explain away force of impeaching evidence, and is admissible.

In Error to the District Court of the United States for the Southern District of Alabama; William I. Grubb, Judge.

Frank W. Boykin and William H. Holcombe, Jr., were convicted under Criminal Code, § 39 (Comp. St. § 10203), for bribery, and they bring error. Reversed.

Harry H. Smith and S. M. Johnston, both of Mobile, Ala., and Edw. Dinkelspiel, of New Orleans, La. (John C. Davey, of New Orleans, La., and Gregory L. Smith, William J. Young, and Norvelle R. Leigh, Jr., all of Mobile, Ala., on the brief), for plaintiffs in error.

Hugo L. Black, Sp. Asst. Atty. Gen. (Joseph W. John, Asst. U. S. Atty., of Mobile, Ala., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an indictment under section 39 of the Criminal

Code (Comp. St. § 10203) for bribery. The indictment sufficiently charges the giving of $600 to one M. T. Gonzaullas, a duly authorized government prohibition agent, "whose functions, duties, and powers then and there were, as the defendants then and there well knew, to investigate violations of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.) committed within the Southern division of the Southern district of Alabama, and to report any and all violations of the said act of Congress committed within the said Southern division of the Southern district of Alabama that should come to his notice, knowledge, and attention, either directly or through his superior officers or agents, or through his subordinate officers or agents of the office of the Commissioner of Internal Revenue, or otherwise, to the United States attorney for the Southern district of Alabama, and to report, as aforesaid, any and all such violations truthfully and fairly and without favor or partiality." The indictment then alleges that the money was given "with the intent on the part of the defendants to unlawfully, feloniously, and corruptly influence the decision and action of the said M. T. Gonzaullas in his official capacity and function as aforesaid, on matters and proceedings then and there pending and then and there expected to soon be brought to law before him, the said M. T. Gonzaullas, in his official capacity, as aforesaid, and with the intent on the part of the defendants to influence him, the said M. T. Gonzaullas, to commit and aid in committing, colluding in, and allowing a fraud to be committed and perpetrated upon the United States, and with the intent to induce him, the said M. T. Gonzaullas, to omit to do acts in violation of his lawful functions and duties as aforesaid, all in order that violations of the National Prohibition Act could and should be committed and permitted in the Southern division of the Southern district of Alabama, without detection, arrest, complaint, and prosecution."

Demurrers were interposed to the indictment on the ground that it was so vague and indefinite that it failed to inform defendants of the charge against them, in that it does not specify the nature of the proceedings, fraud, or acts therein mentioned. But the trial court overruled the demurrers, and the two defendants who sued out this writ of error were convicted.

[1, 2] We are of opinion that the indictment is fatally defective, and that the demurrers should have been sustained. The offense here sought to be charged is made up of an act and an intent. The criminal intent is made to relate to matters which the statute wisely describes in the most general terms, so as to include every breach of duty which any official may be influenced or induced to commit. It is to be observed that the language used in the indictment is as general as is the language of the statute. Where a statute is general, it is not sufficient merely to follow its language in an indictment, but the indictment must allege the specific offense coming under the general description of the statute, in order that the accused may enjoy the right, secured by the Sixth Amendment, "to be informed of the nature and cause of the accusation" against him. United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; United States v. Hess, 8 S. Ct. 571, 124 U. S. 483, 31 L. Ed. 516; Foster v. United States, 253 F. 481, 165 C. C. A. 193; Miller v. United States (C. C. A.) 288 F. 817; Bishop's New Criminal Procedure, §§ 568, 569, 570. In this case the testimony tended to show that it was the intent of defendants to influence and induce Gonzaullas not to investigate and not to report them to the district attorney for illegal sales of liquor. Gonzaullas, according to his testimony, accepted the bribe, but only for the purpose of making a case against the defendants.

[3] The representatives of the government knew the acts which they would rely on to show a corrupt intent. But it is impossible, as it appears to us, to ascertain from the indictment what acts would be relied on at the trial. Nothing but conclusions are stated. No facts are alleged from which it could be determined whether the proceedings pending or to be brought before the prohibition agent related or would relate to violations of the National Prohibition Act, or what the fraud charged consisted of, or what acts it was the intention of the defendants to induce the prohibition agent to omit to do. The trial court was wholly without information as to the facts relied on, and could not possibly have determined whether the matters complained of were such as could affect the official duties of the prohibition agent. The testimony tends to show that it was the intention of defendants to induce Gonzaullas to omit to investigate or to report violations of the National Prohibition Act committed by them, but this is not charged. Aside from its failure to allege specific acts, the indictment charges that the defendants offered the bribe with intent to induce Gonzaullas "to omit to do acts in violation of his lawful functions and duties, as aforesaid." Of course, Gonzaullas would not commit any offense merely by omitting to

do acts which would be in violation of his official duty. The indictment should charge that the omission would constitute such violation.

[4] For the reason that in our opinion the indictment is bad, the case must be reversed. Consequently it becomes unnecessary to pass upon assignments of error which challenge rulings on the evidence; but, as another trial may be had on a new indictment, it seems to us that we ought to state our views upon the question of the admissibility in evidence of certain letters, which it is claimed by the government were written by the district attorney to an assistant Attorney General, and which were received in evidence for the purpose of corroborating certain testimony of the district attorney. That question has been fully argued, and it may be in the interest of justice to settle it on this writ of error.

In Ellicott v. Pearl, 10 Pet. 412, at page 439 (9 L. Ed. 475), it is said: "Where parol proof has been offered against the testimony of a witness under oath, in order to impeach his veracity, establishing that he has given a different account at another time, we are of opinion, that, in general, evidence is not admissible, in order to confirm his testimony, to prove that, at other times, he has given the same account as he has under oath; for it is but his mere declaration of the fact; and that is not evidence. His testimony under oath is better evidence than his confirmatory declarations, not under oath; and the repetition of his assertion does not carry his credibility further, if so far, as his oath. We say, in general, because there are exceptions; but they are of a peculiar nature, not applicable to the circumstances of the present case; as, where the testimony is assailed as a fabrication of a recent date, or a complaint recently made; for there, in order to repeal such imputation, proof of the antecedent declaration of the party may be admitted."

[5] In our opinion the rules of evidence applicable to supporting statements offered to overcome impeaching evidence tending to show bias, interest, corruption, or recent fabrication are correctly stated in sections 1128 and 1129 of Wigmore on Evidence, as follows: "A consistent statement, at a time prior to the existence of a fact said to indicate bias, interest, or corruption, will effectively explain away the force of the impeaching evidence; because it is thus made to appear that the statement in the form now uttered was independent of the discrediting influence. The former statements are therefore admissible. The charge of recent contrivance is

usually made, not so much by affirmative evidence, as by negative evidence that the witness did not speak of the matter before, at a time when it would have been natural to speak; his silence then is urged as inconsistent with his utterances now; i. e., as a self-contradiction (ante, section 1042). The effect of the evidence of consistent statements is that the supposed fact of not speaking formerly, from which we are to infer a recent contrivance of the story, is disposed of by denying it to be a fact, inasmuch as the witness did speak and tell the same story. In judicial rulings this use of former similar statements is universally conceded to be proper, though occasionally it is difficult to apply the principle to the facts."

To the same effect is Greenleaf on Evidence, § 469b. Only such portions of a statement should be permitted to go to the jury as sustain or support the testimony sought to be impeached. Other portions might create a prejudice in the minds of the jury against a defendant, and should be excluded. Bates v. Preble, 14 S. Ct. 277, 151 U. S. 149, 38 L. Ed. 106.

The judgment is reversed.