**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Otis TROOP, Defendant-Appellant.**

**No. 11677.**

United States Court of Appeals Seventh Circuit.

June 29, 1956.

———◆———

Lucas T. Clarkston, Maurice Scott, Jr., Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Albert F. Manion, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

Defendant was convicted under Count 2 of an indictment which charged the violation of § 201, Title 18, U.S.Code.[1]

The trial was to the court.

The evidence established that on July 13, 1955, George Emrich, a Federal Narcotics Agent, met defendant at a second floor apartment at 2004 South State Street, Chicago, Illinois. Emrich testified he was at the premises on that date for the purpose of executing a certain search warrant which he had received from United States Commissioner Pike. Emrich identified himself to the defendant as a Treasury Agent attached to the Bureau of Narcotics. Emrich testified defendant told him "I don't want to go to jail," and "I can take care of this." Then followed a conversation during which defendant offered $1500.00 in United States currency to Emrich and the other Narcotic Agents who accompanied him. Defendant further stated in the presence of the Agents "All I want you

1. "§ 201. Whoever promises, offers, or gives any money * * * to any officer or employee or person acting for or on behalf of the United States, * * * in any official function, * * * with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, or with intent to influ- ence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his lawful duty, shall be fined not more than three times the amount of such money or value of such thing or imprisoned not more than three years, or both."

to do is to forget you found any stuff here and let me walk away clean." Emrich identified the $1500.00 in currency which was given to him by the defendant. Agents Young, Durzinski and Love corroborated the testimony of Agent Emrich.

Before trial, defendant made a timely motion to quash the search warrant and to suppress the evidence listed in its return. It appeared that for some reason —probably inadvertence—the officer issuing the search warrant failed to include in its terms a written direction to an authorized civil officer of the United States as provided in Rule 41(c) Federal Rules of Criminal Procedure, 18 U.S.C.[2]

On the return to the search warrant appeared the following inventory: "1. A quantity of bulk and packaged Heroin, approximately 600 grains; 2. A quantity of glassine envelopes, measuring spoons and various other paraphernalia; 3. $1500 in bills of various denominations offered by Troop to me and Agents Young, Durzinski and Singer in the form of a bribe."

Because of the omission hereinbefore referred to, the District Court entered an order quashing the search warrant and suppressing the evidence pertaining to the narcotics. However, the Court refused to order the return to defendant of the $1500 which had been handed over to Narcotic Agent Emrich by the defendant. Thereafter, upon motion of the government, the Court dismissed Count No. 1 of the indictment which pertained to the purchase and concealment after importation, of 625 grains of Heroin.

■■ On this appeal the principal reliance of defendant is that the evidence. does not sustain a charge of bribery under § 201, Title 18 U.S.Code. Defendant argues that as the search warrant was invalid there was no matter then pending before Agent Emrich in his official capacity, hence said § 201 does not apply. We do not agree.

When the Narcotic Agents, including Emrich, entered the apartment at 2004 South State Street, they did so under color of authority. They believed they had authority to search the premises. When defendant offered a bribe of $1500.00 he believed and understood the Agents were officers of the United States and were acting in their official capacities. Defendant endeavored to persuade the agents to act in violation of their official duties.

Agent Emrich was undoubtedly in error in including the $1500.00 in the return to the search warrant. This clearly was not related to the contraband narcotics. It was evidence of an independent crime which was committed in the presence of Narcotic Agents. The possession of these funds by the government was not affected because the Agent erroneously mentioned them in his return and the search warrant was later quashed. He attempted to place them in a special category for he described these funds as " * * * offered by Troop to me and agents Young, Durzinski and Singer in the form of a bribe."

In United States v. Birdsall, 233 U.S. 223, 34 S.Ct. 512, 58 L.Ed. 930, the Supreme Court considered the scope of bribery statutes (§ 39 and § 117 of the Criminal Code). The Court said, 233 U. S. at page 230, 34 S.Ct. at page 514: "Every action that is within the range of official duty comes within the purview of these sections." We think the same is true as to § 201. Furthermore, this Court has recognized that a Federal Narcotic Agent, acting in the execution of a search warrant, is a Federal Officer acting in an official capacity. Hone Wu v. United States, 7 Cir., 60 F.2d 189; See also, United States v. Jones, 7 Cir., 204 F.2d 745, certiorari denied 346 U.S. 854, 74 S.Ct. 67, 98 L.Ed. 368, rehearing denied 346 U.S. 905, 74 S.Ct. 216, 98 L.Ed. 404.

We hold the offense of attempted bribery of a Federal Officer is complete upon

2. " * * * The warrant shall be directed to a civil officer of the United States au-

thorized to enforce or assist in enforcing any law thereof * * *."

the tender of the bribe to such Officer with intent to influence his decisions and acts in an official capacity. We think it is entirely immaterial that for some reason, subsequently determined, the Officer could not have brought about the result desired by the person offering the bribe. We think the authorities are in accord.

A good statement as to the purpose of the statute and of its essential nature, appears in Kemler v. United States, 1 Cir., 133 F.2d 235, 238, where the Court said: "The clear purpose of the statute is to protect the public from the evil consequences of corruption in the public service. Thus the gravamen of the offense described therein is the giving or offering of a bribe to a person acting on behalf of the United States for the purpose of influencing official conduct. Obviously no one would give or offer a bribe unless he expected to gain some advantage thereby, and since attempting to gain an advantage by this means is the evil which the statute is designed to prevent, it can make no difference if after the act is done the doer discovers that for some reason or another, be it a mistake on his part or a mistake on the part of some officer or agency of the United States, there was actually no occasion for him to have done it. The statute is violated when a bribe is given or an offer to bribe is made regardless of the occasion therefor, provided it is done with the requisite intent and provided the acceptor or the offeree of the bribe is a person of the sort described in the statute."

The foregoing statement of the law was approved and adopted in United States v. Schanerman, 3 Cir., 150 F.2d 941, 943.

In Hurley v. United States, 4 Cir., 192 F.2d 297, a bribe had been offered to an Air Force Sergeant attached to the Baltimore Induction Station for the purpose of preventing the induction of the defendant into the Armed Forces. The sergeant had neither authority nor duties whereby he could have influenced the induction of the defendant. It was argued there was no violation of § 201, Title 18 U.S.Code, as the sergeant had no official function or duty which might have prevented defendant's induction. The Court of Appeals rejected this view holding that such showing is not necessary where the person attempted to be bribed is an officer of the United States. The Court said, at page 300: "When the bribee is an officer of the United States, there is no necessity to show that he was acting in an official capacity, in order to make out a case under 18 U.S.C.A. § 201. We hold, therefore, that since Sergeant Nichols was an officer of the United States, it was not necessary to allege or prove that he was acting in an official function. To hold otherwise would be to make the words 'officer or employee' completely nugatory. * * *."

The record discloses that the charge contained in Count 2 of the indictment was supported by the evidence and the Court correctly applied the applicable rules of law. Finding no error, the judgment of conviction is

Affirmed.