UNITED STATES of America

v.

John B. KEMMEL.

No. 12572.

United States District Court
M. D. Pennsylvania.

Oct. 19, 1960.

Oliver Dibble, Special Asst. to Atty. Gen., for plaintiff.

Robert C. Duffy, Samuel H. Stewart, Philadelphia, Pa., Joseph E. Gallagher, Scranton, Pa., for defendant.

JOHN W. MURPHY, Chief Judge.

Defendant found guilty of offering a bribe, 18 U.S.C.A. § 201,[1] moves in arrest

---

1. *"Whoever* promises, *offers,* or gives any *money* \* \* \* *to any* officer or *employee* or person *acting for* or on behalf of the *United States,* or any department or *agency* thereof, *in any official function,* under or *by authority of* any *such* department or *agency* \* \* \* with in- tent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, or *with intent* to influence him to commit or aid in committing, or to

of judgment, for judgment of acquittal, and in the alternative for a new trial, alleging failure to charge an offense, failure of proof, and error in the charge of the court.

■ The indictment, pro tanto substantially in the words of the statute,[2] and therefore ordinarily sufficient,[3] charged that defendant offered an assistant chief inspector working for the Corps of United States Engineers, an agency of the United States, in an official function, $250 for himself and the Chief Inspector, with intent to induce them to do acts in violation of their lawful duty.

Citing Boykin v. United States, 5 Cir., 1926, 11 F.2d 484, and United States v. Smith, 3 Cir., 1956, 232 F.2d 570, defendant asserts [4] failure to set forth the duties of the inspectors, what acts defendant intended to induce them to do in violation of their lawful duty, and to allege that defendant knew they were employees acting for an agency of the United States in an official function at the time of the alleged offer.

Rule 7(c), F.R.Crim.P., 18 U.S.C.A., provides: "The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged * * *. It need not contain * * * any other matter not necessary to such statement * * *." See United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92; United States v. Amorosa, 3 Cir., 1948, 167 F.2d 596, 598—only the basic facts, without particularity as to details. Butzman v. United States, 6 Cir., 1953, 205 F.2d 343, 348. Essential facts must of course be stated. United States v. Manuszak, supra, 234 F.2d at page 423; United States v. Smith, supra, 232 F.2d at page 572.

■ The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises defendant of what he must be prepared to meet and, in case other proceedings are taken

collude in, *or allow*, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do *any act in violation of his lawful duty*, shall be * * *." (Italics supplied.)

2. At a time and place, named within the district, defendant "did offer money, to wit, $250.00, to Walter P. Golden, Assistant Chief Inspector, under the Resident Engineer, Corps of United States Engineers, for himself and John J. O'Donnell, Chief Inspector under the Resident Engineer, Corps of United States Engineers, both being employees acting for an agency of the United States, in an official function, by authority of said agency, with intent to induce Walter P. Golden and John J. O'Donnell to do acts in violation of their lawful duty."

3. Henderson v. United States, 4 Cir., 1928, 24 F.2d 811, 812; Chiaravalloti v. United States, 7 Cir., 1932, 60 F.2d 192, 193; 8 Am.Jur. Bribery § 20; United States v. Raff, D.C.M.D.Pa.1958, 161 F.Supp. 276, 279–280; Schneider v. United States, 9 Cir., 1951, 192 F.2d 498, 500; and see Wilson v. United States, 4 Cir., 1946, 230

F.2d 521, 524; United States v. Marcus, 3 Cir., 1948, 166 F.2d 497, 501.

4. First raised after defendant rested without presenting any evidence on his own behalf.

As to the scope of review—the indictment and plea, not the evidence—see United States v. Bradford, 2 Cir., 1952, 194 F.2d 197, 201; the arraignment, cf. Johnson v. United States, 1912, 225 U.S. 405, 409–411, 32 S.Ct. 748, 56 L.Ed. 1142; and see Com. v. Weldon, 1946, 159 Pa. Super. 447, 449, 48 A.2d 98, as to undisputed facts in determining adequacy of notice of the crime charged. As to vagueness, see Barnard v. United States, 9 Cir., 1926, 16 F.2d 451, 453; defects of form, United States v. Williams, 5 Cir., 1953, 203 F.2d 572, 573; Hagner v. United States, 1932, 285 U.S. 427, 429–431, 52 S.Ct. 417, 76 L.Ed. 861; Finn v. United States, 4 Cir., 1958, 256 F.2d 304, 307; United States v. Butch, D.C. E.D.Pa.1958, 164 F.Supp. 678, 681; cf. United States v. Manuszak, 3 Cir., 1956, 234 F.2d 421, 423; bill of particulars, Rule 7(f) Id.; Rosen v. United States, 1896, 161 U.S. 29, 35, 16 S.Ct. 434, 40 L.Ed. 606, but see Pipkin v. United States, 5 Cir., 1957, 243 F.2d 491, 494.

against him for the same offense, whether the record shows to what extent he may plead former acquittal or conviction. United States v. Debrow, supra, Id.; United States v. Angelo, 3 Cir., 1946, 153 F.2d 247, 250; United States v. Howell, 3 Cir., 1956, 240 F.2d 149, 153.

As to inspectors exercising official functions, see Sears v. United States, 1 Cir., 1920, 264 F. 257, 261–262; Whitney v. United States, 10 Cir., 1938, 99 F.2d 327, 329–330; United States v. Ingham, D.C.E.D.Pa.1899, 97 F. 935, 936. Every action within the range of official duty comes within the purview of § 201. See United States v. Birdsall, 1914, 233 U.S. 223, 230, 34 S.Ct. 512, 58 L.Ed. 930; United States v. Troop, 7 Cir., 1956, 235 F.2d 123, 124. As to the requisite intent, see 11 C.J.S. Bribery § 2c(2); Buckley v. United States, 6 Cir., 1929, 33 F.2d 713, 718; Henderson v. United States, supra, 24 F.2d at page 812; United States v. Labovitz, 3 Cir., 1958, 251 F.2d 393, 394; Krogmann v. United States, 6 Cir., 1955, 225 F.2d 220, 225; United States v. Marcus, supra, 166 F.2d at page 501. As to knowledge, see United States v. Combs, D.C.E.D.Ky.1947, 73 F.Supp. 813, discussing United States v. Balint, 1922, 258 U.S. 250, 251, 42 S.Ct. 301, 66 L.Ed. 604, and United States v. Behrman, 1922, 258 U.S. 280, 288, 42 S.Ct. 303, 66 L.Ed. 619; then see 11 C.J.S. Bribery, supra, Id., and § 9f; 8 Am.Jur. Bribery, § 26; Hone Wu v. United States, 7 Cir., 1932, 60 F.2d 189, 190, but see Chiaravalloti v. United States, supra, 60 F.2d at page 193; Bogileno v. United States, 10 Cir., 1930, 38 F.2d 584, 586; Cohen v. United States, 6 Cir., 1923, 294 F. 488, 490; Bradshaw v. United States, 9 Cir., 1926, 15 F.2d 970, 972; Henderson v. United States, supra, Id.; Anderson v. United States, 6 Cir., 1954, 215 F.2d 84, 88–89; United States v. Amorosa, supra, 167 F. 2d at page 598.

As to alleging duties and acts, see Applebaum v. United States, 5 Cir., 1948, 164 F.2d 974, 975; Schneider v. United States, supra, 192 F.2d at pages 500–501,

Biggs J.; Butzman v. United States, supra, Id.; Henderson v. United States, supra, 24 F.2d at page 812; cf. United States v. Palmiotti, 2 Cir., 1958, 254 F.2d 491, 495.

■ The gravamen of the offense is the offering of a bribe to a person acting for an agency of the United States for the purpose of influencing official conduct. Obviously no one would offer a bribe unless he intended to gain some advantage thereby. The statute is violated when an offer to bribe is made regardless of the occasion therefor provided it is done with the requisite intent and the offeree is a person of the sort described in the statute. Kemler v. United States, 1 Cir., 1943, 133 F.2d 235, 238; United States v. Troop, supra, 235 F.2d at page 125; United States v. Labovitz, and Krogmann v. United States, all supra, Id.

The situation in United States v. Smith, supra, 232 F.2d 570, where two different statutes and extraneous elements were involved is not apposite. Boykin v. United States, supra, 11 F.2d 484, was decided prior to Rule 7(c). See Pallett v. United States, 5 Cir., 1956, 228 F.2d 671, 672, and cf. Shields v. United States, 1928, 58 App.D.C. 215, 26 F.2d 993, 996; Capone v. United States, 7 Cir., 1932, 56 F.2d 927, 930, 932, 933; Schneider v. United States, supra, Id.

Applying the foregoing principles, we hold that the indictment was sufficient. Defendant's motion in arrest of judgment and for judgment of acquittal on that score will be denied.

■ Viewing the evidence including all inferences reasonably deducible therefrom in favor of the government, United States v. Laurelli, D.C.M.D.Pa.1960, 187 F.Supp. 30, there was substantial competent evidence that in the construction of certain buildings for the United States Army Corps of Engineers at the Tobyhanna Signal Depot in this district, John B. Kemmel Inc., a Pennsylvania corporation of which defendant was president and principal stockholder, was the paint-

ing subcontractor. Plans and specifications required that all paint delivered for use on the job was to be inspected by taking samples from previously unopened cans and submitting such samples to the Corps of Engineers for testing and approval. Upon the completion of three tests defendant was notified that the paint being used did not meet the required test and that all painting should cease.

When pursuant to defendant's request additional samples were about to be taken defendant offered Walter P. Golden, Assistant Chief Inspector, $250 for himself and John J. O'Donnell, the Chief Inspector, if instead of taking samples according to the prescribed procedure they would permit defendant to substitute three samples he had with him in his car and in turn substitute them for samples previously taken. When defendant was informed that his conduct constituted an attempt to bribe a government agent he replied, "Well, you fellows didn't see any money".

Without pursuing the evidence further, the foregoing is sufficient to establish a violation of § 201. Defendant's motion for judgment of acquittal on that ground will be denied.

■ The statute reads: "Whoever promises, offers, or gives * * *." In our charge we carefully explained the essentials required to be proved. At common law, United States v. Worrall, Cir.Ct.D.Pa., 1798, 28 Fed.Cas. pp. 774, 776, No. 16,766; Annotation, 52 A.L.R. 816, 820, and under § 201; United States v. Michelson, 2 Cir., 1948, 165 F.2d 732, 733, affirmed 1948, 335 U.S. 469, 470–471, 69 S.Ct. 213, 93 L.Ed. 168; Lunsford v. United States, 10 Cir., 1952, 200 F.2d 237, 238, an offer to bribe is a separate offense. According to the weight of

authority, an actual tender of the bribe is not necessary to perfect the offense, "any expression of ability to produce a bribe being sufficient". 8 Am.Jur. Bribery, § 10. "The offense * * * is complete without the tender or production of the money offered * * *." 11 C.J.S. Bribery § 2c(1), p. 844; and see 3 Wharton's Criminal Law and Procedure (Anderson's 1957 Ed.), § 1383, p. 776. The offer itself constitutes the overt act. 52 A.L.R. supra at page 821; 11 C.J.S. Bribery § 6, p. 858, note 62. The language of United States v. Troop, supra, 235 F.2d at page 124, "We hold the offense of attempted bribery of a Federal Officer is complete upon the tender of the bribe to such Officer with intent to influence his decisions and acts in an official capacity", placed in its proper context, is not contra. There the money was actually turned over to the agent who accepted it for the purpose of prosecution. Defendant contended that the invalidity of the search warrant precluded the possibility of there being an offer or giving of a bribe.

If an actual tender were necessary, the actual exhibition of the bribe would never be made until after the official had been seduced and signified his willingness to be corrupted. 8 Am.Jur. supra, Id.

■ Although an actual tender of the bribe is not necessary to perfect the offense, mere acts of preparation will not suffice. 8 Am.Jur. Bribery, § 10 Supp.; 3 Wharton op. cit. supra, Id.; see and cf. Com. v. Willard, 1955, 179 Pa.Super. 368, 372–375, 116 A.2d 751; State v. Lowrie, 1952, 237 Minn. 240, 54 N.W.2d 265, 266–267, where contact was lacking.[5] And see Krogmann v. United States, supra, 225 F.2d at page 227,[6] where a question of venue was involved.

5. See and cf. United States v. Russell, 1921, 255 U.S. 138, 143, 41 S.Ct. 260, 65 L.Ed. 553; Anderson v. United States, supra, 215 F.2d at page 88.

6. " * * * The statute refers to a specific act * * * the giving of money to

a Government official. Although considerable planning and preparation may precede the actual transfer of the money * * * the essence of the offense is the actual transfer of the money at the time and place where it occurs, accompanied by the unlawful intent. Prepara-

While the indictment could have charged "promised and offered", see and cf. Henderson v. United States, supra, 24 F.2d at page 811, and proof of either would be sufficient, see United States v. Kemler, D.C.D.Mass.1942, 44 F.Supp. 649, 651, affirmed 1 Cir., 1943, 133 F.2d 235; cf. United States v. Raff, supra, 161 F.Supp. at page 281; and distinguished jurists have used the words interchangeably, see Schneider v. United States, supra, 192 F.2d cf. at pages 499, 500, note 2; Marbs v. United States, 8 Cir., 1958, 250 F.2d 514, 520–521; In re Palliser, 1890, 136 U.S. 257, 264, 10 S.Ct. 1034, 1036, 34 L.Ed. 514, "A promise to a public officer that, if he will do a certain unlawful act, he shall be paid a certain compensation, is an offer to bribe him to do the unlawful act; * * *." And see 1 Williston on Contracts (Rev.Ed.1936), § 1A, "The word 'promise', though in ordinary use, frequently bears different shades of meaning * * *; Id. § 23A, "An offer is a promise"; Id. § 26, "* * * an offer must be a promise * * *"; see and cf. Restatement Law of Contracts, § 2 (1) and Comment, and Id. § 24, "An offer is a promise * * *" As to preliminary negotiations, see Restatement, supra, Id. § 27 and § 25; Upsal St. Realty Co. v. Rubin, 1937, 326 Pa. 327, 329–330, 192 A. 481.

Defendant contended in error that an offer per se does not amount to an overt act; that to sustain a conviction the government must prove an actual physical tender of the money; that the proof showed only that he was negotiating, or at most promised money. The government argued there was no basis in the evidence to support such contentions. The charge was making an offer. The facts were for the jury. If defendant did what the evidence indicated, his conduct amounted, as a matter of law, to an offer. The statute includes "promises" as one of the possible methods of committing bribery. As to the effect of such inclusion, see United States v. Hood, 1952, 343 U.S. 148, at page 151, 72 S.Ct. 568, 96 L.Ed. 846. Conceivably a case where a promise alone is involved may arise. If the government's evidence is believed, this is not such a case.

Although the defendant under the circumstances was not entitled thereto, in our charge, without indulging in semantics,[7] we stated defendant's contentions and advised the jury that they could find defendant guilty only if they found defendant's conduct constituted an offer. See Rule 52(a), F.R.Crim.P., 18 U.S. C.A.

Defendant's motion for a new trial will be denied.

tions for the commission of the crime are not parts of the crime. * * *"

**7.** See United States v. Pagano, 2 Cir., 1955, 224 F.2d 682, 684; Boyce Motor Lines v. United States, 1952, 342 U.S. 337, at pages 340–341, 72 S.Ct. 329, 331, 96 L.Ed. 367, "In Sproles v. Binford, 1932, 286 U.S. 374, 52 S.Ct. 581, 587, 76 L.Ed. 1167, * * * Chief Justice Hughes * * * said: '* * * The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. * * * The use of common experience as a glossary is necessary to meet the practical demands of legislation.' "
As to possible confusion by additional instruction, see and cf. Holland v. United States, 1954, 348 U.S. 121, at pages 139–140, 75 S.Ct. 127, 99 L.Ed. 150.