**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Musa F. ISA, Defendant-Appellant.**

**No. 18766.**

United States Court of Appeals,
Seventh Circuit.

Oct. 21, 1971.

**724**

Richard L. Manning, Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Richard F. Sprague, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before HASTINGS, Senior Circuit Judge, and PELL and SPRECHER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant was first tried and found guilty in a bench trial by the district court as charged in a one-count indictment with a violation of Title 18, U.S.C. A. § 201(b)[1], "by corruptly giving, offering and promising the sum of two hundred dollars to Eugene Robinson, an Internal Revenue agent, with intent to influence his decision on matters then pending before him in his official capacity, with intent to influence him to allow and make opportunity for commission of a fraud on the United States, and to induce him to violate his lawful duty, all in respect to defendant's tax liability," as stated in a prior appeal to this court, reported as United States v. Isa, 7 Cir., 413 F.2d 244 (1969), wherein the judgment of conviction was reversed and the cause remanded.

Upon remand, defendant was retried on the same charge by a jury. A verdict of guilty was returned and judgment entered thereon. Defendant was sentenced to probation for a period of two years, the first three months thereof to be served in the custody of the Attorney General. Defendant appeals. We affirm. We adopt the statement of the nature of this action as above quoted from the opinion in the prior appeal herein.

On appeal, defendant raised two issues. The charge of error chiefly relied upon concerned the admission into evidence of certain tape recordings. However, on brief and in oral argument, defendant, with commendable frankness, withdrew this contention from further consideration following the adverse ruling by the Supreme Court in United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (April 5, 1971).

---

1. "§ 201. Bribery of public officials and witnesses

\*       \*       \*       \*       \*

(b) Whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—

(1) to influence any official act; or

(2) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(3) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of his lawful duty, \*   \*   \*."

It is now conceded that the only issue remaining for determination is whether the trial court prejudicially erred in excluding from the jury defendant's proffered evidence that in fact he had no tax liability for the years in which he allegedly bribed the I.R.S. agent to commit a fraud. Defendant contends that since Section 201(b), *supra*, was amended in 1962 by adding the word "corruptly", it then made the charged offense a specific intent crime and that evidence of no tax liability was relevant on the question of his intent and would serve to corroborate his own testimony. Defendant concedes he has no authority directly in point in support of his contentions.

In our judgment, defendant misconceives the basic purpose of the statute. The gravamen of the offense was well stated by former Chief Judge Duffy in United States v. Troop, 7 Cir., 235 F.2d 123, at 124–125:

"We hold the offense of attempted bribery of a Federal Officer is complete upon the tender of the bribe to such Officer with intent to influence his decisions and acts in an official capacity. We think it is entirely immaterial that for some reason, subsequently determined, the Officer could not have brought about the result desired by the person offering the bribe. We think the authorities are in accord.

"A good statement as to the purpose of the statute and of its essential nature, appears in Kemler v. United States, 1 Cir., 133 F.2d 235, 238, where the Court said: 'The clear purpose of the statute is to protect the public from the evil consequences of corruption in the public service. Thus the gravamen of the offense described therein is the giving or offering of a bribe to a person acting on behalf of the United States for the purpose of influencing official conduct. Obviously no one would give or offer a bribe unless he expected to gain some advantage thereby, and since attempting to gain an advantage by this means is

the evil which the statute is designed to prevent, it can make no difference if after the act is done the doer discovers that for some reason or another, be it a mistake on his part or a mistake on the part of some officer or agency of the United States, there was actually no occasion for him to have done it. The statute is violated when a bribe is given or an offer to bribe is made regardless of the occasion therefor, provided it is done with the requisite intent and provided the acceptor or the offeree of the bribe is a person of the sort described in the statute.'

"The foregoing statement of the law was approved and adopted in United States v. Schanerman, 3 Cir., 150 F.2d 941, 943."

We find nothing in the 1962 addition of the word "corrupt" to enlarge the meaning of intent as an essential element of the offense of bribery of public officials. Recent decisions *after* the 1962 amendment reaffirm this position.

Section 201(b), as amended in 1962, was considered at length by the Eighth Circuit in Vinyard v. United States, 335 F.2d 176, 181–183 (1964), cert. denied, 379 U.S. 930, 85 S.Ct. 327, 13 L.Ed.2d 342. The court cited with approval United States v. Troop, *supra*, including Kemler v. United States, 1 Cir., 133 F.2d 235 (1942), cited therein. It reaffirmed the rationale of *Troop*, holding in effect that it is entirely immaterial that it be subsequently determined that the agent sought to be influenced by the tender of a bribe could not have brought about the result desired by the person offering the bribe. This would not be an essential prerequisite to conviction for a violation of § 201(b).

To the same effect is United States v. Heffler, 3 Cir., 402 F.2d 924, 926 (1968). *Cf.* United States v. Barash, 2 Cir., 412 F.2d 26, 36 (1969), cert. denied, 396 U.S. 832, 90 S.Ct. 86, 24 L.Ed. 2d 82.

The post-1962 amendment cases lend renewed vitality to pre-1962 decisions of

the Second Circuit relied upon by the Government, United States v. Kabot, 295 F.2d 848 (1961) and United States v. Irwin, 354 F.2d 192 (1965), and sought to be distinguished by defendant on the ground that the offenses charged were before the 1962 amendment. In *Kabot*, at 855 of 295 F.2d, the court upheld a jury instruction that the merits of the tax case be disregarded. In *Irwin*, at 198 of 354 F.2d, the court held proper the rejection of evidence that the tax returns involved were proper, as filed, to show lack of intent to bribe. This proffered evidence was held to be entirely irrelevant to the offense charged in § 201(f). In our considered judgment, these holdings were not disturbed by the 1962 amendment in question.

The foregoing holdings in *Troop, Kabot, Irwin, Vinyard* and *Heffler* make good sense for the additional reason that to permit the introduction of evidence of whether or not a tax liability actually existed could only serve to confuse the material issue essential to a conviction. Further, it becomes rather obvious that information subsequently discovered that the bribe was unnecessary could have no relevance to conduct engaged in at the time the offer was made.

■ Finally, if more need be said, the rejection of such proffered evidence on an irrelevant issue could not have prejudiced the jury by adversely influencing its guilty verdict, and the error, if any, was harmless. United States v. Zurita, 7 Cir., 369 F.2d 474, 478 (1966). In any event, the record plainly indicates that the evidence of defendant's guilt was overwhelming and in light of our last preceding finding herein this case would appear to fall within the harmless error provision of Rule 52(a), Federal Rules of Criminal Procedure, Title 18, U.S.C.A.: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

The judgment of conviction appealed from is affirmed.

Affirmed.