UNITED STATES of America,
Plaintiff-Appellee,

v.

Alcide W. HERNANDEZ,
Defendant-Appellant.

No. 83–3555.

United States Court of Appeals,
Fifth Circuit.

April 27, 1984.

Rehearing Denied July 6, 1984.

Daniel J. Markey, New Orleans, La., for defendant-appellant.

John Volz, U.S. Atty., Harry W. McSherry, Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, WILLIAMS and GARWOOD, Circuit Judges.

THORNBERRY, Circuit Judge:

This is a direct appeal from a conviction by a jury under 18 U.S.C. § 201(d) for offering a bribe to a witness. Because we find in the record insufficient evidence to support the conviction, we reverse and remand to the district court for entry of a judgment of acquittal.

I.

The facts of this case are not in dispute. In the fall of 1980, the appellant, Alcide W. Hernandez, a deputy sheriff of St. Bernard Parish, Louisiana, became involved in an

investigation of marijuana importation. Other groups of law enforcement officers, including the Louisiana state police and deputies from St. Tammany Parish, became suspicious of the St. Bernard Parish deputies' activities. Allegations of wrongdoing resulted in the indictment and conviction in December 1982 of Hernandez and four other members of his group for federal conspiracy and drug offenses. One of the witnesses at Hernandez' drug trial was Frederick Drennan, a St. Tammany Parish deputy sheriff.

Following the drug trial, Hernandez contacted a friend, Gerald Moran, with the alleged purpose of enlisting Moran's help in influencing Drennan to change his testimony so that Hernandez could obtain a new trial in the drug case. According to Moran, Hernandez asked him if he knew anyone who knew Freddie Drennan. Moran acknowledged that he knew a Marshall Brown, who was an inmate at the St. Tammany Parish jail. Hernandez then asked Moran to find out how well Brown knew Drennan, "and see what it would take for him to change his testimony." According to Moran, Hernandez repeated his request on four or five occasions and said, "he wasn't worried about what it would take to see what he would say."

Pursuant to Hernandez' requests, Moran contacted Brown. Brown encountered Drennan in passing and mentioned to Drennan that some people from St. Bernard Parish were asking about him. It was several days later before Drennan saw Brown again. At that time, Drennan asked Brown about the people asking questions: "I said, what do they want? He [Brown] says they want to know if you can be bought, if you will change your testimony."

Drennan told Brown not to do anything. Drennan then contacted his supervisors, who called in the FBI. Brown, cooperating with the FBI, recorded three conversations between Moran and himself during which Moran made it clear that he was working for Hernandez.

In January 1983, the federal district judge in Hernandez' original drug trial ordered a new trial because of newly discovered evidence.[1] Subsequent to the granting of the new trial, Hernandez told Moran that Drennan's testimony was not as important any more, but that he still wanted Moran to pursue having Drennan change his testimony. Hernandez insisted, however, that all he wanted was the truth.

By this time, the Government had arrested Moran, who agreed to cooperate in the bribery investigation. Moran then recorded two conversations with Hernandez. In the final recording, on February 11, 1983, Hernandez, who feared detection, directed Moran to "Blow it off, yeah. Before you and Marshall [Brown] and everybody wind up in ... trouble. You know!" Regarding what they would say to Drennan, Hernandez instructed Moran, "Just tell Marshall [Brown] to tell him, ah, if he feels that he told the truth, fine. Just forget about it. If you want to, tell him that I consulted my lawyer."

Based on these facts, Hernandez was indicted under 18 U.S.C. § 201(d).[2] That statute provides, in pertinent part:

(d) Whoever, directly or indirectly, corruptly gives, offers, or promises anything of value to any person, or offers or promises such person to give anything of value to any other person or entity, with intent to influence the testimony under oath or affirmation of such first-mentioned person as a witness upon a trial, hearing, or other proceeding, before any court ... shall be fined not more than $20,000 or three times the monetary equivalent of the thing of value, whichever is greater, or imprisoned for not more than fifteen years, or both, and may be disqualified from holding any

1. At the new trial in the drug case, the four officers, including Hernandez, were acquitted.

2. Originally the indictment also contained a charge under 18 U.S.C. § 1503 for corruptly

endeavoring to influence a witness. That count was deleted and the Grand Jury returned a superseding indictment containing only the § 201(d) charge on April 15, 1983.

office of honor, trust, or profit under the United States.

18 U.S.C. § 201(d). On May 19, 1983, a jury convicted Hernandez of violating this statute.

## II.

On appeal, Hernandez argues that the evidence is insufficient to support the guilty verdict. Alternatively, Hernandez contends that his conduct amounted only to preparation to commit the offense, and that he withdrew prior to commission of the crime. Because we agree with Hernandez that the facts as proved by the Government are not sufficient to constitute the violation of corruptly influencing a witness under 18 U.S.C. § 201(d), we do not address Hernandez' alternative arguments.

### A.

■■■ We recognize, of course, that Section 201 is to be broadly construed in order to effectuate its legislative purpose of deterring corruption. *United States v. Evans*, 572 F.2d 455, 580 (5th Cir.), *reh'g denied*, 576 F.2d 931, *cert. denied sub nom. Gent v. United States*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978). Furthermore, Section 201 requires only that something of value be offered or promised, not that a bribe actually be paid. *United States v. Dixon*, 658 F.2d 181, 191 (3d Cir.1981).[3] The crime is consummated whether or not the offer is accepted by the offeree. *United States v. Jacobs*, 431 F.2d 754, 760 (2d Cir.1970), *cert. denied*, 402 U.S. 950, 91 S.Ct. 1613, 29 L.Ed.2d 120 (1971). On the other hand, preparations for the commission of the crime are not parts of the crime. *Krogmann v. United States*, 225 F.2d 220, 227 (6th Cir.1955); *United States v. Kemmel*, 188 F.Supp. 736, 740 (D.C.Pa.1960), *aff'd* 295 F.2d 712 (3d Cir.1961), *cert. denied*, 368 U.S. 988, 82 S.Ct. 604, 7 L.Ed.2d 525 (1962). "The critical event in the commission of the crime is

the actual giving or the offer to give or transfer money or other thing of value, absent which no offense is committed under the statute." *United States v. O'Donnell*, 510 F.2d 1190, 1194 (6th Cir.), *cert. denied*, 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975).

The Second Circuit, in *United States v. Jacobs*, discusses what constitutes an "offer" under Section 201. 431 F.2d at 760. According to the *Jacobs* court, the crime is completed when the offeror "expresse[s] an ability and a desire to pay." *Id.* In *Jacobs*, an offer of $5000 was clearly made to an Internal Revenue Service agent. The court found it immaterial that the IRS agent held out for more money and that the offerors were unable to raise the funds. *Id.*

Similarly, in *United States v. Shulman*, 624 F.2d 384 (2d Cir.1980), where the Second Circuit applied the *Jacobs* standard, the court concluded that the offer was complete where, after preliminary negotiations, the offeror authorized the payment of a bribe and the go-between so informed the offeree. *Shulman*, 624 F.2d at 388. In *Shulman*, the offeree was an Internal Revenue Agent who asked for a bribe, in return for lowering the IRS evaluation of a piece of property for estate tax purposes. The offeror authorized the bribe, and the go-between stated to the IRS agent that "the money that he wanted was ... available, and [the IRS agent] should start working on the figures and get them lowered." *Id.* Thus, in *Shulman*, a clear offer of money was made when the go-between expressed to the offeree an ability and a desire to pay.

### B.

■■■ When reviewing the sufficiency of the evidence, this court must consider the evidence in the light most favorable to the government. *Glasser v. United States*,

---

**3.** *Dixon* and the other cases cited construing § 201 involve § 201(b), the offense of bribing a public official. Because the language describing the substantive offense in § 201(b) is the same as that in § 201(d) involving bribery of a

witness, and because the general purpose of the subsections is the same, *see Evans*, 572 F.2d at 480, we look to cases construing subsection (b) for guidance in construing subsection (d).

315 U.S. 60, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The standard for sufficient evidence is that which a reasonable trier of fact could find establishes guilt beyond a reasonable doubt. *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), *aff'd on other grounds,* —— U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

■ Even viewing the evidence in the light most favorable to the government, we cannot find anything in the record to show that an offer or promise was ever made. The only two contacts between Brown, the go-between, and Drennan, the alleged offeree, consisted of (1) Brown's statement in passing to Drennan that some people from St. Bernard Parish were asking about Drennan; and (2) Brown's reply to Drennan's question concerning what these people wanted to know: "they want to know if you can be bought, if you will change your testimony." Such an inquiry does not "express[ ] an ability and a desire to pay" a bribe. At most, the phrase "they want to know" constitutes mere preparation to commit the crime—a preliminary "feel out" of Drennan. It does not rise to the level of the offer conveyed in *Jacobs* and *Shulman.* Even construing the statute broadly, there must be an offer; we cannot hold this inquiry sufficient to constitute an offer under Section 201(d).

The Government focuses on the conversations, actions and interactions of Hernandez, Brown and Moran, and argues that there was abundant evidence of Hernandez' intent to bribe Drennan. However, even assuming that a jury could properly have concluded that Hernandez *intended* to offer a bribe to Drennan, an additional critical question is whether such an offer was ever actually made to Drennan. *United States v. O'Donnell,* 510 F.2d at 1194. The Government cannot create the offer to Drennan out of discussions between Hernandez, Moran and Brown. What is crucial is what Brown said to Drennan. The statute was not violated because Brown never conveyed an offer to Drennan.

### III.

Because the record contains insufficient evidence to show that a bribe was offered to a witness, we reverse and remand to the district court for entry of a judgment of acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

REVERSED AND REMANDED.