**UNITED STATES of America**

v.

**James H. SMITH, Sr., Appellant.**
**No. 11741.**

United States Court of Appeals Third Circuit.

Argued March 22, 1956.

Decided April 27, 1956.

Donald J. Goldberg, Philadelphia, Pa. (Garfield W. Levy, Albert S. Oliensis, Donald J. Goldberg, Philadelphia, Pa., on the brief, for appellant.

Arthur R. Littleton, Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this appeal from a conviction of unlawful possession of untaxed liquor, appellant attacks the indictment on the ground that the facts alleged therein do not make out a crime under the controlling statute.

The indictment charged in its first count:

"That on or about January 25, 1955, at Philadelphia in the Eastern District of Pennsylvania, James H. Smith, Sr., did knowingly and unlawfully have in his possession, to wit: 36–1 gallon jugs of whiskey, upon which said containers or jugs was not affixed thereto the requisite stamps denoting the quantity of distilled spirits contained therein, and evidencing payment of all Internal Revenue taxes imposed by law on such spirits; in violation of Title 26 U.S.C. Section 5008(b) (1)".

The second count alleged "transportation" by appellant of the same whiskey.

The district judge sitting without a jury found appellant guilty on Count I and sentenced him to imprisonment for a year and to pay a fine of $250. Judgment of Not Guilty was entered on Count II.

Section 5008(b) (1) took effect on January 1, 1955; the repeal of its predecessor, 26 U.S.C. § 2803(a), was effective on the same date. 26 U.S.C.A. § 7851(a) (5). Although Count I purports to be founded on § 5008(b) (1), it is actually a verbatim recitation of repealed Section 2803(a). Thus, 26 U.S.C.A. § 2803(a) provided in relevant part:

"No person shall * * * possess * * * any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evi-

dencing payment of all internal-revenue taxes imposed on such spirits."

Section 5008(b) (1) changed the law as it had existed in Section 2803(a), it provided only that:

"No person shall * * * possess * * * any distilled spirits, unless the immediate container thereof has affixed thereto in such manner as to be broken on opening the container, a stamp evidencing the tax or indicating compliance with the provisions of this chapter."

House Report No. 1337 points up the modifications in the law as it had existed in Section 2803(a).

"Subsection (b), 'Stamps for other containers of distilled spirits':

"Paragraph (1), 'Requirements,' is existing law (see sec. 2803(a)) except that, due to the method of payment by return, the stamp cannot in all instances be deemed evidence that tax has been paid. The stamp does, however, evidence that tax has been determined and that all applicable provisions of law relating to the bottling of spirits * * * have been complied with. Accordingly, the phrase 'evidencing payment of all internal revenue taxes imposed on such spirits' has been deleted and the phrase 'evidencing the tax or indicating compliance with the provisions of this chapter' has been substituted therefor.

"Two other changes in the existing law in paragraph (1) are the deletion of the provision that the stamps denote the quantity of distilled spirits and the insertion of the requirement that the stamp be affixed in such manner as to be destroyed when the container is opened." U.S.Code Cong. and Adm. News 1954, pp. 4474, 4475.

Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., provides in part as follows:

"(c) Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. · Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

■■ "The true test of the sufficiency of an indictment is * * * whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606." Hagner v. United States, 1932, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861. An indictment should "leave no doubt in the minds of the accused and the court of the exact offense intended to be charged." Evans v. United States, 1893, 153 U.S. 584, 587, 14 S.Ct. 934, 936, 38 L.Ed. 830. "While nonessential detail in an otherwise good indictment does not invalidate it, where a grand jury indicts under one statute, a conviction may not be had under another by the device of discarding essential averments as surplusage." Bratton v. United States, 10 Cir., 1934, 73 F.2d 795, 797.

■■ An indictment is required to set forth all the elements of the crime charged. This may be acccomplished usually by following substantially the wording of the statute. United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. And if the indictment

fails to state facts sufficient to constitute the alleged offense, the judgment of conviction cannot be sustained. Sonnenberg v. United States, 9 Cir., 1920, 264 F. 327. Rule 12(b) (2), F.R.Cr.P. 18 U.S.C.

An essential part of the present offense is the absence of the particular stamps, affixed in the specific manner described in Section 5008(b) (1). It is not just the lack of any stamps. Even showing that the requisite stamps were on the container is not a defense, unless it is also proved that they were affixed in the prescribed manner. Here, the grand jury indicted for the crime described by the voided statute, and apparently no one discovered the mistake until this appeal. Concededly the offense charged by Section 5008(b) (1) is substantially different than the one stated in the repealed law. The stamps no longer need denote the quantity and indicate the payment of the tax. They must however be affixed so as to be broken on opening and their purpose is to show merely the determination of the tax rather than its payment.

█ We cannot agree with the contention that no prejudice to the defendant could result from the admitted situation. He was forced to defend against elements of an offense which are no longer proscribed. For conviction under the new statute additional elements must be proved which are not spelled out in the indictment. The defendant may have been guilty of something but the indictment was not adequate notice of the crime with which the government attempted to charge him.

It is also argued that the regulations require the stamps described by the old statute to be used pending the changeover from the stamp to the return method of collecting the tax. The defendant could not discover that from the indictment, unless he made an exhaustive analysis of the voided statute, the new statute, the latter's effective date, the old regulations and the interim new regulations. It may have been this legal tangle that misled the Department of Justice into drafting the faulty document. In any event we can hardly presume that the defendant would be more adept at solving the problem involved. Nor can we say that this indictment meets the standard of clarity required by Rule 7 (c).

The judgment of conviction is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.