**J. O. SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16155.**

United States Court of Appeals
Fifth Circuit.

Feb. 5, 1957.

Borah, Circuit Judge, dissented.

James Maddox, of Maddox & Maddox, Rome, Ga., for appellant.

James W. Dorsey, U. S. Atty., J. Robert Sparks and John W. Stokes, Jr., Asst. U. S. Attys., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Appellant was convicted on count two of an indictment charging that he and others unlawfully possessed "certain distilled spirits, to-wit: 3 gallons, the immediate containers thereof not having affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits, in violation of Section 5008, Title 26 U.S. C."

Appealing from the judgment, he is here assigning two errors. One of these is that the evidence was insufficient to support the verdict and it was error to deny his motion for acquittal. The other is that the count, while purporting to allege a violation of Sec. 5008, Title 26 U. S.C., alleged it not in the language of that section but in the language of its predecessor section 2803(a), which was repealed on January 1, 1955, when Sec. 5008(b) (1) took effect.

In support of his first specification appellant contends that, since the government agents did not testify that he ever touched the whiskey or otherwise had it in his physical possession, their evidence: that he had told them that he usually kept good liquor; that he was temporarily out but would have plenty next week; that they went back later and made arrangements for three gallons for $24, still later went back and asked Smith about the whiskey and he said, "I'll get Gordon and let him run and get it", and several minutes later Gordon came out of the house, returning some minutes later with the whiskey; and that when they offered to pay Smith the $24, he said, "No, pay Gordon"; showed no more than that he acted as agent for them and, therefore, was not sufficient to make a case of unlawful possession against him.

In support of his second contention, he points out that, while Sec. 5008(b), which he was charged with violating, denounced possession of distilled spirits "unless the immediate container thereof has affixed thereto *in such manner as to be broken on opening the container, a stamp evidencing the tax or indicating compliance with the provisions of this chapter*", the indictment did not so

charge him, but, on the contrary, used the language of the repealed section "unless the immediate container thereof has affixed thereto *a stamp denoting the quantity of the distilled spirits contained therein and evidencing payment of all internal revenue stamps imposed on said spirits.*" (Emphasis supplied.) So pointing, he argues that the indictment did not sufficiently charge an offense under Sec. 5008, and the judgment must therefore be reversed, and, in further support of this contention, he cites and strongly relies on the opinion in United States v. Smith, 3 Cir., 232 F.2d 570, in which the court held a similar indictment invalid.

Appellee, in reply to appellant's first contention, pointing out that the jury was fully charged on, and found the issue of, entrapment against defendant, urges upon us that the evidence furnished ample basis for a finding either that Smith was the main operator and Gordon was his agent, or that the two, as charged, were acting together in the possession and handling of the whiskey.

As to his second contention, that the indictment was invalid, appellee, insisting that the gist of the offense is not the precise manner in which the stamps are affixed or the precise manner in which they evidence compliance with the Internal Revenue laws, but the presence or absence of an official stamp indicating that the tax has been paid on the whiskey contained in the particular bottle urges upon us that the Smith case was not correctly decided and should not be followed by us.

■ We agree with appellee that the evidence was ample to support the verdict and that appellant's first specification of error is without merit, and, for the reasons hereafter stated, we agree with it that appellant's second specification of error is not well taken.

We have no fault to find, we are in full agreement with the general principles stated in United States v. Smith, 3 Cir., 232 F.2d 570.[1] Indeed, in Grimsley v. United States, 5 Cir., 50 F.2d 509, this court as vigorously as it could affirmed that the failure to charge the essential element of an offense is not and cannot be regarded as a mere technicality, and that if the indictment fails to state facts sufficient to constitute the crime charged, the judgment of conviction cannot, of course, be sustained, and this even in the absence of an attack of any kind upon the indictment in the court below.

■ It seems clear to us, though, that here the essential element of the offense is the absence from the container of government stamps affixed thereon in some manner attesting to its legality, and not a particular kind of stamp affixed in a particular kind of way. We, therefore, disagree with the holding of the court in the Smith case, that:

"An essential part of the present offense is the absence of the particular stamps, affixed in the specific manner described in Section 5008 (b) (1). It is not just the lack of any stamps. Even showing that the requisite stamps were on the container is not a defense, unless it is also proved that they were affixed in the prescribed manner. * * * Concededly the offense charged by Section 5008(b) (1) is substantially different than the one stated in the repealed law." 232 F.2d at page 573.

In vigorous support of its position that this holding is incorrect, appellee points to the fact that this is not a prosecution of a legitimate distiller for failure to have the right kind or color of tax stamps on his product or for having them wrongly placed thereon. It is a case, as are all cases brought under the statute and its predecessors in recent years, of the prosecution of a bootlegger,

---

1. These principles are fully stated and discussed in the majority and dissenting opinions in our case of Sutton v. United States, 5 Cir., 157 F.2d 661. This case, however, involved a wholly different statute and did not, as here, involve a repealing and a repealed statute.

an illicit whiskey distiller or seller, who has made, and makes, no pretense of being a legitimate distiller, who has paid no tax and does not intend to pay one, and who would not know how to, indeed could not if he wanted one, obtain a stamp of the kind described in Sec. 5008 (b) (1).

In further support, it points out that the form of the stamps used since the effective date of the new statute is virtually unchanged, and, though not required by the new statute, they still denote the quantity of distilled spirits contained in the vessel they are affixed to.[2]

There was no claim in the trial of this case that there was any compliance or attempted compliance by appellant with either the old or the new statute; the non tax paid whiskey was in fruit jars, and none of those jars had any stamps.

The government evidence was not questioned or refuted by the appellant. He never contended that he had any kind of stamps on the containers or that he had paid the tax or in any way complied with the Internal Revenue laws, old or new. Under the whole evidence from both sides in this case the question is whether there was possession of whiskey in unstamped containers and not the nature and kind of non-existent tax stamps or of how they should have been affixed.

The taxes are still being paid by stamp because the Secretary of the Treasury has not as yet provided for the payment of the taxes by return. In other words the tax is being collected now in exactly the same manner as it was prior to the passage of Sec. 5008, and the red strip now being placed on the bottles of tax paid whiskey are identical with the strip stamps being placed on the bottles prior to the passage of this section. If the decision in the Smith case, that the defendant must be charged in the precise language of Sec. 5008, is correct, it is difficult to see how he can be charged with an offense at all, for this would be to charge him with not having stamps on the containers which were not then, and are not now, in existence and which, therefore, he could not possibly have obtained.

The judgment was right. It is Affirmed.

BORAH, Circuit Judge (dissenting).

I would reverse on the authority of United States v. Smith, 3 Cir., 232 F.2d 5' 0, and, therefore, respectfully Dissent.

2. Code of Federal Regulations, Title 26, Internal Revenue, 1954, 1955 Revision, Part 230.221, provides as follows:
"230.221 Stamp Denominations. Red strip stamps will be provided in the following denominations only: 1 gallon, ½ gallon, 1 quart, ⅘ quart, ¾ quart, 1 pint, ⅘ pint, ¾ pint, ½ pint, and less than ½ pint. Red strip stamps will be issued 50 in a sheet. Requisitions for red strip stamps by proprietors of taxpaid bottling houses must be made for full sheets. Stamps less than a full sheet may not be furnished by a District Director to proprietors of taxpaid bottling houses."
Part 230.203 of the same provides in part as follows:
"230.203 Liquor Bottles. Bottles must be filled as nearly as possible to conform to the amount stated on the stamp and on the label or bottle to be contained therein, but in no event may the amount of spirits contained in any bottle, due to the lack of uniformity of the bottles, vary more than 2 percent from the amount stated to be contained therein and, further, in such case there shall be substantially as many bottles overfilled as there are bottles underfilled for each lot of spirits bottled as reported on Form 230."
Taxpaid Spirits are defined in Code of Federal Regulations, Title 26, Part 230.25, as
"230.25 Taxpaid Spirits. Those alcoholic liquors on which the tax has been determined, as well as those on which the tax has actually been paid."