**John SCOTT, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 214-64.**

United States District Court
D. New Jersey.

June 15, 1964.

John Scott, Jr., pro se.

MADDEN, Chief Judge:

Petitioner, John Scott, Jr., is a federal prisoner confined in the United States Penitentiary at Atlanta, Georgia, under a sentence of ten years imprisonment imposed by this Court on December 2, 1960, upon his conviction as a second offender of the federal narcotic laws. Pursuant to Section 2255 of Title 28 U.S.C., he now moves to vacate and set aside this conviction and sentence on the ground that the indictment under which he was convicted and sentenced was so defective on its face as not to charge an offense under any reasonable construction.

On October 20, 1960, the petitioner was indicted by the Federal Grand Jury. The indictment (Criminal No. 395–60) contained five separate counts. Each of the first four counts charged the petitioner with the unlawful sale of heroin on a separate occasion without a written order as required under 26 U.S.C. § 4705(a), in violation of 26 U.S.C. § 7237(a) ; and the fifth count charged the petitioner with knowingly and feloniously receiving and concealing and facilitating the concealment of heroin, knowing the same to have been imported unlawfully into the United States, in violation of 21 U.S.C. § 174. On October 28, 1960, the petitioner appeared before this Court with appointed

counsel and entered a plea of guilty to the first count of the indictment and a plea of not guilty to the remaining four counts.

On November 29, 1960, the United States Attorney filed an information charging the petitioner as a second offender under 26 U.S.C. § 7237(c) (2), alleging a previous conviction for the unlawful sale of narcotics under 26 U.S.C. § 4705(a) in the United States District Court for the Eastern District of Pennsylvania in 1952. At the hearing on the information held on December 2, 1960, the petitioner acknowleged his prior conviction as alleged, whereupon he was adjudged guilty of the first count of the indictment under 26 U.S.C. § 4705(a) and guilty as a second offender under the information. He then was sentenced by this Court to the mandatory minimum term of ten years imprisonment prescribed by 26 U.S.C. § 7237 for second offenders, and the four remaining counts of the indictment were dismissed.

The petitioner specifically contends that the first count of the indictment (to which he pled guilty and under which he was convicted) was fatally defective in that it failed to set forth the name of the purchaser to whom he allegedly unlawfully had sold the heroin specified in the indictment.[1] Thus, the Court is confronted with the legal issue of whether such omission renders the indictment so defective as to warrant the vacation and setting aside of the petitioner's conviction and sentence.

■■■ Generally, a motion to vacate a judgment of conviction and sentence under Section 2255, 28 U.S.C., is a collateral proceeding which cannot be utilized to question the sufficiency of an indictment, unless the indictment is so defective on its face as not to charge an offense under any reasonable construction. This general proposition especially applies in an instance where the petitioner voluntarily and understandingly has entered a plea of guilty to the indictment, for the plea of guilty not only serves as a basis of his conviction but constitutes an admission of all nonjurisdictional facts alleged in the indictment and a waiver of all nonjurisdictional defects and defenses. Walker v. United States, 154 F.Supp. 648 (D.C., N.J., 1957), aff. 251 F.2d 616 (C.A., 3rd Cir., 1958), cert. den. 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed. 2d 1365; United States v. Gallagher, 183 F.2d 342 (C.A., 3rd Cir., 1950), cert. den. 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659. As stated by the Court of Appeals for the Ninth Circuit in the recent case of Robison v. United States, 329 F.2d 156, 158, which was decided on March 12, 1964:

> "It is settled in this and other circuits that a plea of guilty to an indictment is an admission of all non-jurisdictional facts alleged in the charge, and that the judgment and sentence may not be collaterally attacked under 28 U.S.C. § 2255 for technical or non-jurisdictional defects."

Nevertheless, despite the entry of a plea of guilty, if an indictment is so defective on its face as not to charge an offense under any reasonable construction, or, if it appears from the face of the indictment that no federal offense was committed, then not only is the indictment vulnerable to a collateral attack by proceedings under Section 2255 but the motion to

---

1. The first count of the indictment read as follows:

"The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

COUNT I

"That on or about September 14, 1960, in Atlantic City, County of Atlantic, in the State and District of New Jersey,

JOHN SCOTT, JR.,

did knowingly, unlawfully and feloneously sell certain narcotic drugs, to wit, 200 milligrams of heroin, which said sale was not made in pursuance of a written order of the person to whom such narcotics were sold, on a form issued in blank for that purpose by the Secretary of the Treasury of the United States, or his delegate, as required by Section 4705(a) of Title 26, U.S.C.

"In Violation of Title 26 U.S.C., Section 7237(a)."

vacate the judgment of conviction and sentence should be granted. Marteney v. United States, 216 F.2d 760 (C.A., 10th Cir., 1954).

Principally, the petitioner relies upon the case of Lauer v. United States, 320 F.2d 187 (C.A., 7th Cir., 1963) wherein the Court of Appeals reversed the District Court's denial of a motion to vacate a sentence imposed on a defendant who was charged with and convicted of the unlawful sale of narcotics, on the ground that the indictment failed to set forth the name of the person to whom the unlawful sale of narcotics was made. While the Court of Appeals expressed the opinion that the identity of the purchaser is not an element of the offense of an unlawful sale of narcotics under 26 U.S.C. § 4705 (a), it asserted that because of the type of offense involved, the purchaser's name is a factor which, in the absence of an allegation excusing or overcoming its omission, is essential to sufficiently apprise the defendant of what he must be prepared to meet and to enable him to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense.

 It is generally held that the test of sufficiency of an indictment is not whether it could have been made more definite and certain but whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and in the event that subsequent proceedings are brought against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Cochran and Sayer v. United States, 157 U.S. 286, 15 S.Ct. 628, 39 L.Ed. 704 (1895); Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606 (1896); United States v. Perlstein, 39 F.Supp. 965 (D.C., N.J., 1941), aff. 126 F.2d 789 (C.A., 3rd Cir., 1942), cert. den. 316 U.S. 678, 62 S.Ct. 1106, 86 L.Ed. 1752; United States v. Angelo, 153 F.2d 247 (C.A., 3rd Cir.,

1946); United States v. Krepper, 159 F.2d 958 (C.A., 3rd Cir., 1946), cert. den. 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275; United States v. Smith, 232 F.2d 570 (C.A., 3rd Cir., 1956). In determining the sufficiency of an indictment practical rather than technical considerations are observed by the Court; and while the indictment need not be perfect it must charge all the essential elements of the offense intended.

 An examination of the indictment in question discloses that the offense charged was couched substantially in the language of the proscribing statute (26 U.S.C. § 4705(a)), embodying all of the essential elements of the crime. Undoubtedly, it is better practice to set forth in the indictment the name of the person to whom the unlawful sale of narcotics was made, if such is known, or, if unknown or circumstances exist excusing its omission, to plead such fact or circumstances. Unquestionably, the charge would be more definite and certain, but the name of the purchaser is not an essential element of the offense of unlawful sale of narcotics under 26 U.S.C. § 4705(a) which must be contained in the charge of the indictment. If such information is desired by the defendant or his counsel it may be obtained upon request for a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. United States v. Smith, 16 F.R.D. 372 (D.C., Mo., 1955); United States v. Vasquez, 25 F.R.D. 350 (D.C., N.Y., 1958). The gist of the offense proscribed in 26 U.S.C. § 4705(a) is the *sale of narcotic drugs without an appropriate written order* of the person to whom the narcotics are sold. An indictment which charges the sale of a specific quantity of heroin by the defendant on a specific date without the appropriate written order therefor and further describing the offense in the wording of the statute sufficiently charges the elements of the offense.

 Conceivably, *circumstances may exist whereunder the name of the purchaser might be essential to sufficiently apprise a defendant of the specific charge*

he must meet, or, to establish in the record a basis upon which the defendant, after an acquittal or conviction, may plead double jeopardy to a subsequent prosecution for the same offense. Such circumstances, however, are not present in the instant case. This is not an instance where the indictment charges the consummation of several unlawful sales upon a single occasion or upon a single day, nor is it an instance of a multiple count indictment for a single transaction. The allegations in the indictment not only set forth the date of the unlawful sale but also the specific amount of heroin unlawfully sold on that particular date by the petitioner. Each count of the indictment charged a separate offense.[2] This Court is of the opinion that under the facts and the circumstances of this case the indictment on its face not only charged the offense intended, under a reasonable construction, but also sufficiently apprised the petitioner of that offense to which he pleaded guilty.

At no time prior to the instant proceedings did the petitioner question the sufficiency of the indictment on the grounds that the indictment failed to charge the offense intended or failed to adequately apprise him of the specific charge preferred against him, nor had the petitioner made any previous attempt to obtain information as to the particulars relative to the indictment. The petitioner, even now, does not assert in what manner he was prejudiced by reason of the alleged defect in the indictment. Certainly, the petitioner cannot claim that he was unable to meet the charge of the indictment in the preparation of his defense, for the entry of his plea of guilty effectively precludes such a contention. This Court feels that the facts and circumstances of the instant case are such

as to be distinguishable from those in the case of Lauer v. United States, supra, which is cited by the petitioner. In the Lauer case the defendant made a motion prior to trial to dismiss the indictment because it failed to contain the name of the transferee, which motion was denied; and apparently the defendant also attempted to obtain the name of the transferee in a request for a bill of particulars which was denied. In the instant case no such motion or application for a bill of particulars was made. Furthermore, in the Lauer case the defendant was tried before a jury and convicted, but in the case at bar the petitioner pleaded guilty and was convicted upon his plea.

The Court feels that the record in the instant case is sufficiently accurate to disclose to what extent the petitioner may plead double jeopardy on the basis of his conviction in the event of a subsequent prosecution instituted against him for the same offense. Therefore, the omission in the indictment, to wit, the failure to allege the name of the purchaser to whom the petitioner sold the heroin, does not render the indictment so defective as to warrant the vacation or setting aside of the petitioner's conviction and sentence in these proceedings. See Ong v. United States, 131 F.2d 175 (C.A., 4th Cir., 1942).

The Court, therefore, concludes that the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, and, consequently, determines that no notice shall be served upon the United States Attorney, no hearing shall be held thereupon, and the application on the part of the petitioner will be denied.

Wherefore, it is on this 15th day of June, 1964, ordered that the within application be and is hereby denied.

2. Although the remaining four counts of the indictment were dismissed, and are not directly questioned in this proceeding, it should be observed that Count II charges the unlawful sale of 375 milligrams of heroin on September 15, 1960; Count III, the unlawful sale of 410 milligrams of heroin on September 16, 1960; and Count IV, the unlawful sale of 390 milligrams of heroin on September 17, 1960. In all other respects Counts II, III, and IV are identically worded to Count I. Count V which charges the unlawful concealment of 5 grams and 885 milligrams of heroin is alleged to have occurred on September 29, 1960.