**Jack Lewis McKENLEY, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Misc. No. 1170.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 3, 1964.

Jack Lewis McKenley, Jr., in pro. per.

John C. Ciolino, Asst. U. S. Atty., Eastern District of Louisiana, New Orleans, La., for defendant.

AINSWORTH, District Judge.

This petition was filed by petitioner pursuant to the provisions of 28 U.S.C.A. § 2255 to vacate and set aside his sentence under the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(b), imposed in the year 1960 for violation of 18 U.S.C.A. § 2314. A two-count bill of information charged petitioner, McKenley, with transportation of a tool, implement and thing used for the purpose of falsely making, forging, altering and counterfeiting certain false checks and with transporting a forged and falsely made check. The defendant pled guilty on December 16, 1959, after waiving counsel and indictment in open court, orally and in writing.

We have reviewed the files and records of the petitioner's case, Criminal No. 27452 of this court, and the authorities cited by petitioner.

Petitioner seeks to set aside his conviction and sentence on the following grounds: (1) that he was subjected to an illegal search and seizure and that his conviction and sentence were the result of the illegal search and seizure; (2) that he did not have the assistance of counsel and that the court was negligent in not appointing counsel; (3) that he was detained for seven days by the New Orleans police before being taken before the United States Commissioner; (4) that he was told that to plead guilty would enable him to get better treatment and food.

■ The questions raised by the petitioner regarding this illegal search and seizure and his detention for seven days are not grounds for vacating his sentence under 28 U.S.C.A. § 2255. Sullivan v. United States, 10 Cir., 1963, 315 F.2d 304; United States v. Shields, 6 Cir., 1961, 291 F.2d 798, cert. denied 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196, rehearing denied 368 U.S. 962, 82 S.Ct. 401, 7 L.Ed.2d 393; United States v. Wagner, 6 Cir., 1962, 309 F.2d 7.

■ Petitioner, as indicated by the record, appeared before Judge J. Skelly Wright, waived assistance of counsel orally and in writing, and his argument on this ground is accordingly invalid.

■ The petitioner's contention that he pleaded guilty because he was told he would get better food and treatment is not ground for vacating a sentence under 28 U.S.C.A. § 2255. Verdon v. United States, 8 Cir., 1961, 296 F.2d 549, cert. denied 370 U.S. 945, 82 S.Ct. 1590, 8 L.Ed.2d 811.

■ It is well settled that when a defendant voluntarily pleads guilty he effectively and completely waives all nonjurisdictional defects which might be raised. United States v. Hetherington, 7 Cir., 1960, 279 F.2d 792, cert. denied 364 U.S. 908, 81 S.Ct. 271, 5 L.Ed.2d 224; Adkins v. United States, 8 Cir., 1962, 298 F.2d 842, cert. denied 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819.

The petition herein is therefore dismissed and denied.