**Calvin SNIPE, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 19285.**

United States Court of Appeals Ninth Circuit.

March 8, 1965.

Donald A. Sawyer, Oakland, Cal., for appellant.

Sylvan A. Jeppesen, U. S. Atty., Robert E. Bakes, Asst. U. S. Atty., Boise, Idaho, for appellee.

Before HAMLIN, MERRILL and ELY, Circuit Judges.

HAMLIN, Circuit Judge.

On June 7, 1962, petitioner, Calvin Snipe, an enrolled Indian, was arrested upon a complaint filed by an agent of the F.B.I. before the United States Commissioner at Pocatello, Idaho, which alleged that the petitioner did commit a forcible rape upon one Karen Mary Broadbent within the confines of Fort Hall Indian Reservation, in violation of 18 U.S.C. § 1153. On June 15, 1962, petitioner was brought before the United States District Court for the District of Idaho, Eastern Division, for arraignment on an information charging petitioner with the offense alleged in said complaint. At the hearing on the arraignment, the district court fully advised petitioner of his right to counsel, his right to have the cause submitted to the grand jury and to proceed by indictment, the nature of the offense of which he was charged, and the range of possible penalties, including death, which could be imposed upon conviction thereof. After being so advised, petitioner voluntarily waived his right to counsel and his right to have the cause submitted to the grand jury and to proceed by indictment, and pleaded guilty as charged. The court then ordered a presentence investigation, continuing the cause for pronouncement of judgment and sentence. Subsequently, the government determined that since the offense charged in the information carried a possible death penalty, the cause must be submitted to the grand jury. Thereafter, the cause was presented tc the grand jury which returned an indictment on July 10, 1962.[1] On September 18, 1962, petitioner was brought before the district court for arraignment on the indictment.[2] At this time the court appointed counsel of petitioner's own choosing. After the indictment was read to the petitioner, the petitioner, responding to the inquiry of the court, stated that he understood the charge contained in the indictment, and thereafter pleaded not guilty to the charge.[3] When the case came on for trial

1. The proceedings under the indictment were entitled case number 3348. After the indictment was filed, no further proceedings were had on the information (No. 3343) until on December 3, 1962, when the district court, upon motion made by the government, ordered that the information be stricken from the records of the court.

2. "The Grand Jury charges:
That on or about June 4, 1962, within the exterior boundaries of the Fort Hall Indian Reservation, in the District of Idaho, Eastern Division, and within the jurisdiction of the United States of America, CALVIN SNIPE, an Indian Ward of the United States, did knowingly, unlawfully and feloniously and by force and violence, commit rape on Karen Mary Broadbent, a female non-Indian, not his wife."

3. "THE COURT: Mr. Snipe, the Court was informed that you would like to have appointed as your Counsel Mr. John Black and Mr. Richard Black. I advised them of your request. It is true that you would like to have them represent you?
"MR. SNIPE: Yes, sir.
"THE COURT: Let the record show that Mr. John Black and Mr. Richard Black are appointed as counsel for the Defendant. You may read the indictment, Mr. Clerk.
(The indictment was read by the Clerk.)

on December 3, 1962, counsel for the petitioner advised the court that petitioner wished to withdraw his former plea of not guilty. After a thorough inquiry, the court allowed the former plea to be withdrawn and accepted petitioner's plea of guilty.[4] The district court found the petitioner guilty as charged in the indictment and sentenced him to a term of thirty-five years.

On October 25, 1963, petitioner filed the present motion pursuant to 28 U.S.C. § 2255 to vacate and set aside the judgment of the United States District Court for the District of Idaho, Eastern Division. On November 20, 1963, the district court entered an order denying petitioner's motion without a hearing. From this order petitioner appeals, invoking the jurisdiction of this court under 28 U.S.C. § 2255. We affirm.

In his petition for relief, petitioner mainly contends that when he entered his plea of guilty to the charge contained in the indictment, he thought he was pleading guilty to a lesser offense, totally unrelated to the offense charged in the indictment. This contention is elaborated in petitioner's opening brief where he argues that the district court accepted his plea of guilty without making an appropriate inquiry as required by Rule 11 of the Federal Rules of Criminal Procedure. The pertinent portion of Rule 11 provides:

> "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining

"THE COURT: Mr. Snipe, you have heard the reading of the indictment and you understand the charge contained in the indictment; do you not?

"MR. SNIPE: Yes.

"THE COURT: It has been explained to you?

"MR. SNIPE: Yes, sir.

"THE COURT: Are you ready to plead to the charge?

"MR. SNIPE: I am.

"THE COURT: What is your plead [sic] to the charge?

"MR. SNIPE: Not guilty."

4. "THE COURT: * * * This matter was set for trial on this date. This Court was advised that the defendant desired to change his plea heretofore entered. What is the situation at this time, Mr. Black?

"MR. JOHN BLACK: Your Honor, the defendant does desire to change his plea at this time. I have been so informed by him.

"THE COURT: Mr. Snipe, on September 8, 1962, when you appeared before this Court, the Court appointed as your attorney Mr. John Black and Mr. Richard Black to represent you at your request. You informed the Court at that time that the attorneys were satisfactory with you. And at that time, after the indictment was read and fully explained to you by your counsel and the Court you entered a plea of not guilty. What is your desire with reference to the plea at this time?

"MR. CALVIN SNIPE: Well, I want to change the plea on that to guilty.

"THE COURT: Is it your desire to withdraw your plea of not guilty?

"MR. SNIPE: Guilty.

"THE COURT: You want to withdraw the plea of not guilty that you entered on September 18; is that correct?

"MR. SNIPE: That's right.

"THE COURT: Very well, the plea may be withdrawn. Now that you have withdrawn the plea of not guilty, as I understand, it is your desire to enter a plea of guilty to the charge contained in the indictment, that being rape on a white girl?

"MR. SNIPE: Yes, sir.

"THE COURT: Mr. Snipe, are you entering the plea with the full and complete understanding of the nature of the charge?

"MR. SNIPE: I understand. He told me plainly.

"THE COURT: And he explained it and you understand what you are charged with?

"MR. SNIPE: Yes, sir.

"THE COURT: And you understand the possible penalty in the matter?

"MR. SNIPE: Yes, sir.

"THE COURT: And this plea that you have entered of guilty, has been entered by you freely and voluntarily, has it not?

"MR. SNIPE: Yes, sir.

"THE COURT: In other words, nobody has forced you to enter the plea; you are entering it of your own free will?

"MR. SNIPE: My own free will.

"THE COURT: Has the District Attorney or an FBI agent, or any one

that the plea is made voluntarily with the understanding of the nature of the charge."[5]

On September 8, 1962, when petitioner was arraigned on the indictment, he was represented by competent counsel of his own choosing. The transcript of the proceedings at the arraignment discloses that the indictment was read to the petitioner by the clerk of the court; that the court asked petitioner whether he understood the nature of the charges contained therein; that the petitioner responded in the affirmative; that the court then asked petitioner whether the charge had been explained to him; and that the petitioner again responded in the affirmative. At this hearing the petitioner pleaded not guilty to the charge. The case came on for trial on December 3, 1962, at which time the proceedings set out in footnote 4 occurred. The record then discloses that counsel for the government and for the appellant and the appellant himself made statements to the court prior to sentence. In his order denying appellant's petition the district judge referred to those proceedings and we have set out that portion of his order in the margin.[6]

Far from indicating that the petitioner had any reason or cause to believe that he was pleading guilty to any crime other than that charged in the indictment, the record does suggest that the petitioner is not telling the truth in this regard. In his petition filed under the present

threatened you to get you to make that plea?

"MR. SNIPE: No, sir."

5. In his 2255 petition appellant makes vague references to his being questioned by the F.B.I. after his arrest and that he signed statements without reading them and without the advice of counsel. If this is intended as a claim of a violation of his constitutional rights it avails him nothing. No such statement was offered in evidence in the form of a confession or otherwise. The record shows appellant pleaded guilty in open court. As stated in United States v. French, 274 F.2d 297 (7th Cir. 1960)—

"A plea of guilty, if understandingly and voluntarily entered, is conclusive. Nothing more is required. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009. The basis of the conviction is the guilty plea and not the evidence, including a confession, which might be offered if the case proceeded to trial. The question of the admissibility of the confession as evidence therefore becomes immaterial under such circumstances." Id. at 299.

6. "The record discloses that the Assistant United States Attorney, Mr. Robert Bakes, made a statement to the Court in regard to how and when the defendant committed the crime of forcible rape on the victim named in the indictment. Thereafter the attorney for defendant, Mr. John R. Black, made a statement to the Court and in such statement made no reference to any crime other than that alleged in the indictment. His statement, in substance and effect, asked the Court to be as lenient as possible under the circumstances.

"Immediately after Mr. Black's statement the Court stated to the defendant as follows: 'Mr. Snipe, it is your right to say whatever you want to in your own behalf by way of mitigation or otherwise. Do you have anything that you would like to tell the Court in regard to this matter?' To this question the defendant answered: 'No, I ain't got nothing to say. I am sorry I did it. I was drinking and that is about all I can say.'

"The Court then stated: 'As you well know, this is probably one of the most serious offenses on the books and the particular circumstances surrounding this offense makes it one of the most vicious and cruel that this Court has had to deal with. It falls in the catagory [sic] of an inhumaine [sic] act and as you well know, carries the severest penalty.' Thereupon the defendant was adjudged guilty of the crime and sentenced to serve a term of thirty-five years.

"There is nothing in the record to indicate that the defendant had any reason or cause to believe that he was pleading guilty to any crime other than that alleged in the indictment. Further, there is nothing in the record to indicate in any way that petitioner's Constitutional rights were not accorded him. The defendant was at all times represented by competent counsel and there is no reason to believe that he was not fully and properly represented at all times.

"After fully considering petitioner's motion and the files and records in this case, it conclusively appears and this court finds that the petitioner is entitled to no relief.

"ACCORDINGLY, IT IS ORDERED that petitioner's motion be, and the same hereby is, denied."

motion, petitioner alleges that he thought he was pleading guilty to an assault arising out of a fight which he had with another man in a bar the night preceding the rape alleged in the indictment. However, in his motion for reduction of sentence filed on January 14, 1963, petitioner admitted slapping the victim, and alleged that he thought he was pleading guilty to assault of the victim of the rape. Now, in his brief on appeal, petitioner asserts that he advised his counsel that he was guilty of statutory rape, but that he was not guilty of forcible rape. The inconsistencies in petitioner's numerous accounts are patent and are highly suggestive of falsehood.

The record clearly demonstrates that the district court fully performed its duty under Rule 11 of the Federal Rules of Criminal Procedure, and that the petitioner was well aware of the nature of the charge in the indictment to which he voluntarily pleaded guilty and for which he was sentenced. We have examined all contentions made by appellant in his petition and we find no merit in any of them. We hold, therefore, that the record conclusively shows that the petitioner is entitled to no relief.

Affirmed.