405 P.2d 458

**STATE of Arizona, Appellee,**

v.

**Herbert Reid WILSON, Appellant.***

**I CA–CR 31.**

Court of Appeals of Arizona.

Sept. 9, 1965.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1502. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

---

Darrell F. Smith, Atty. Gen., by Gary Nelson, Asst. Atty. Gen., for appellees.

Alan Jay Rubin, Phoenix, for appellant.

CAMERON, Judge.

This is an appeal from a conviction of the crime of Attempted Grand Theft (from Auto). A.R.S. 13–663.

Defendant was arrested and brought before a magistrate on the same day. He was informed of the charge against him, of his right to the aid of counsel, and of his right to a preliminary hearing. Defendant waived preliminary hearing and was held to answer to the crime as charged, Grand Theft (from Auto), and was later released on bond.

Appellant appeared at the arraignment in Superior Court with counsel of his own choosing and pled not guilty. Prior to the date set for trial, the State filed an amended information charging defendant with Attempted Grand Theft (from Auto). Defendant then being without funds for counsel, the court appointed the same counsel who had been representing him to continue to do so. The defendant withdrew his former plea of not guilty and pled guilty to the reduced charge.

Defendant filed notice of appeal and an affidavit that he was a pauper, in propria persona. Different counsel was appointed by the trial court to examine the record and prosecute this appeal.

This conviction is appealed on · the grounds that defendant was denied due process of law under the 14th Amendment to the Constitution of the United States by not having the assistance of counsel at the time he waived preliminary hearing.

In the time since this appeal was filed and the propositions of law presented herein were briefed, the question raised by this appeal has been determined adversely to the defendant by our Supreme Court in State v. Schumacher, 97 Ariz. 354, 400 P.2d 584 (1965), State v. Alford, 98 Ariz. 124, 402 P.2d 551 (1965), State v. Gortarez, 98 Ariz. 160, 402 P.2d 992 (1965). The court, in State v. Gortarez, cites its opinion in State v. Schumacher with regard to defendant's contention that the preliminary hearing was a critical stage of the proceedings, as follows:

"Generally, the failure to assign counsel prior to preliminary examination, unless a defendant's position has been prejudiced thereby, is not considered a denial of the Sixth Amendment rights." 402 P.2d 992, 993.

In the Alford case, the court considered the question of the effect of lack of counsel at the preliminary hearing when the defendant was later convicted on a plea of guilty, holding:

"* * * There was no trial on the issue of guilt in this case, because of appellant's plea of guilty, and nothing that happened at the preliminary hearing was received in evidence against him on the issue of his guilt or innocence. * * *

"A plea of guilty being properly before the court, the proceedings did not prejudice any rights of appellant. * * A plea of guilty waives production of

all evidence of guilt, and thereafter a defendant may not question the legal sufficiency of the evidence against him. State v. Murphy, 97 Ariz. 14, 396 P.2d 250 (1964)." 402 P.2d 551, 554.

This Court recognizes that this defendant was represented from arraignment to sentencing by able counsel of his own selection. We find nothing to show that his position was prejudiced by his lack of counsel at the preliminary hearing.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.